**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Sanochemia Corporation,<br><br>Debtor. | Chapter 7<br><br>Case No. __20-12443__ |

GLOBAL NOTES, METHODOLOGY AND SPECIFIC
DISCLOSURES REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND
LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

Introduction

Sanochemia Corporation (the "**Debtor**"), with the assistance of its advisors, has filed its Schedules of Assets and Liabilities (the "**Schedules**") and Statement of Financial Affairs (the "**SOFA**", and together with the Schedules, the "**Schedules and SOFA**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of the Debtor's Schedules and SOFA. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and SOFA.

The Schedules and SOFA do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States, nor are they intended to be fully reconciled with the financial statements of the Debtor (whether publicly filed or otherwise). Additionally, the Schedules and SOFA contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtor's reasonable best effort to report the assets and liabilities of the Debtor.

In preparing the Schedules and SOFA, the Debtor relied upon information derived from its books and records that was available at the time of such preparation. Although the Debtor has made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and SOFA. Accordingly, the Debtor reserves all of its rights to amend, supplement, or otherwise modify the Schedules and SOFA as is necessary and appropriate. Notwithstanding the foregoing, the Debtor shall not be required to update the Schedules and SOFA.

The Debtor, its directors, officers, employees, agents and attorneys do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether

negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein.  Except as expressly required by the Bankruptcy Code, the Debtor and its directors, officers, employees, agents and attorneys expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized.  The Debtor, on behalf of itself, its directors, officers, employees, agents and advisors, disclaims any liability to any third party arising out of or related to the information contained in the Schedules and SOFA and reserves all rights with respect thereto.

The Schedules and SOFA have been signed by an authorized representative of the Debtor.  In reviewing and signing the Schedules and SOFA, this representative relied upon the efforts, statements and representations of the Debtor's other personnel.  The representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

Global Notes and Overview of Methodology

1.  Reservation of Rights.  Reasonable best efforts have been made to prepare and file complete and accurate Schedules and SOFA; however, inadvertent errors or omissions may exist.  The Debtor reserves all rights to amend or supplement the Schedules and SOFA from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and SOFA with respect to claim ("**Claim**") description and designation; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and SOFA as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and SOFA as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against the Debtor.  Furthermore, nothing contained in the Schedules and SOFA shall constitute a waiver of rights with respect to the Debtor's chapter 7 case, including, without limitation, issues involving Claims, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant nonbankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.  Notwithstanding the foregoing, the Debtor shall not be required to update the Schedules and Statements.

2.  Description of Cases and "as of" Information Date.  On the date hereof (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the Bankruptcy Court.  The asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of the Petition Date, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtor as of the Petition Date.

3. <u>Net Book Value of Assets</u>.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtor to obtain current market valuations for all of its assets.  Accordingly, unless otherwise indicated, the Schedules and SOFA reflect net book values as of September 1, 2020, in the Debtor's books and records.  Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes do not appear in the Schedules and SOFA as they have no net book value.  The Debtor reserves its right to amend or adjust the value of each asset or liability set forth herein.

4. <u>Recharacterization</u>.  Notwithstanding the Debtor's reasonable best efforts to properly characterize, classify, categorize or designate certain Claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and SOFA, the Debtor may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtor's business.  Accordingly, the Debtor reserves all of its rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and SOFA at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition, and whether contracts or leases listed herein are, in fact, true leases or disguised financings.

5. <u>Insiders</u>.  Solely for purposes of the Schedules and SOFA, the Debtor defines "insiders" to include the following: (a) directors; (b) equity holders holding in excess of 5% of the voting securities of the Debtor; (c) affiliates; and (d) relatives of any of the foregoing (to the extent known by the Debtor).  Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules and SOFA, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code.  Moreover, the Debtor does not take any position with respect to: (a) such person's influence over the control of the Debtor; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether the Debtor or such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

6. <u>Intellectual Property Rights</u>.  Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Accordingly, the Debtor reserves all rights with respect to the legal status of any and all such intellectual property rights.

7. <u>Classifications</u>.  Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E/F Part 1 as "priority," or (c) Schedule E/F Part 2 as "unsecured" does not constitute an admission by the Debtor of the legal rights of the Claimant or a waiver of the Debtor's rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.

3

8. <u>Claims Description</u>.  Schedules D and E/F permit the Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on the Schedules and SOFA as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection.  The Debtor reserves all rights to dispute, or assert offsets or defenses to, any Claim reflected on the Schedules and SOFA on any grounds, including liability or classification.  Additionally, the Debtor expressly reserves all of their rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated."  Moreover, listing a Claim does not constitute an admission of liability by the Debtor.

9. <u>Causes of Action</u>.  Despite its reasonable best efforts to identify all known assets, the Debtor may not have listed all of its causes of action or potential causes of action against third parties as assets in the Schedules and SOFA, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtor reserves all rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counter-claim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") it may have, and neither these Global Notes nor the Schedules and SOFA shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

10. <u>Summary of Significant Reporting Policies</u>.  The following is a summary of significant reporting policies:

a. <u>Undetermined Amounts</u>.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

b. <u>Totals</u>.  All totals that are included in the Schedules and SOFA represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

c. <u>Liens</u>.  Property and equipment listed in the Schedules and SOFA are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

11. <u>Estimates and Assumptions</u>.  Because of the timing of the filings, the Debtor was required to make certain estimates and assumptions that affected the reported amounts of assets and liabilities.  Actual results could differ from those estimates, perhaps materially.  The Debtor reserves all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

12. <u>Currency</u>.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

4

13. <u>Global Notes Control</u>.  In the event that the Schedules and SOFA differ from the foregoing Global Notes, the Global Notes shall control.

Specific Disclosures with Respect to the Debtors' Schedules

<u>Schedule A/B</u>.  All values set forth in Schedule A/B reflect the book value of the Debtor's assets as of the Petition Date unless otherwise noted below.

<u>Schedule A/B 3</u>.  Cash value held in financial account listed on Schedule A/B3 is as of September 18, 2020.

<u>Schedule A/B 11.b</u>.   The listed receivable of $900,000 is owed by RK PHARMA SOLUTIONS LLC,15 CORPORATE PLACE S, SUITE 108 PISCATAWAY, NJ 08854.  This account debtor has disputed that it is obligated for this amount.

<u>Schedule A/B 60</u>.  Intellectual property listed in Schedule A/B 60 has an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from net book value.  Nothing herein or in the Schedules and SOFA shall be construed as an admission or acknowledgment by the Debtor that any particular intellectual property is not transferable either pursuant to its terms or pursuant to provisions of the Bankruptcy Code or has no market value, and the Debtor reserves all rights with respect to any such issues.

<u>Schedule D.</u>  The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included for each Claim.  All Claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

The Debtor reserves all rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D.  Moreover, although the Debtor has scheduled Claims of various creditors as secured Claims, the Debtor reserves all rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim.  The descriptions provided on Schedule D are solely intended to be a summary—and not an admission—of liability.

Reference to the applicable credit agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  Nothing in the Global Notes or the Schedules and SOFA shall be deemed a modification or interpretation of the terms of such agreements.  Nothing herein shall be construed as an admission by the Debtor of the legal rights of the Claimant or a waiver of the Debtor's rights to recharacterize or reclassify such Claim or contract.

Moreover, the Debtor has not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

Schedule D/2.1.    UniCredit Bank Austria AG currently is the holder of this debt, as the assignee of the original creditor, Werfft-Pharma Kft.  UniCredit Bank is not an affiliate of the Debtor, but Werftt-Pharma is an affiliate of the Debtor.  As noted in the Schedules, this claim appears to be unperfected, based on a UCC search conducted in Delaware on September 8, 2020 indicating that there are no financing statements of record against the Debtor.

Schedule F.  The Debtor has used reasonable best efforts to report all general unsecured Claims against the Debtor on Schedule F based upon the Debtor's existing books and records as of the Petition Date.

The Claims listed on Schedule F arose or were incurred on various dates.  In certain instances, the date on which a Claim arose is an open issue of fact.  Although reasonable efforts have been made to identify the date of incurrence of each Claim, determining the date upon which each Claim on Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtor does not list a date for each Claim listed on Schedule F.

| Fill in this information to identify the case: | | |
|---|---|---|
| Debtor name | Sanochemia Corporation | |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE | |
| Case number (if known) | 20-12443 | ☐ Check if this is an amended filing |

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1: Income

1. **Gross revenue from business**

   ☐ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|
   | For prior year:<br>From 10/01/2019 to 9/30/2020 | ☐ Operating a business<br>■ Other  Reimbursement | $8,360.73 |
   | For year before that:<br>From 10/01/2018 to 9/30/2019 | ■ Operating a business<br>☐ Other | $240,287.50 |
   | For the fiscal year:<br>From 10/01/2017 to 9/30/2018 | ■ Operating a business<br>☐ Other | $177,030.00 |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|

### Part 2: List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
   |---|---|---|---|

| Debtor | Sanochemia Corporation | Case number *(if known)* | 20-12443 |
|---|---|---|---|

| | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|---|
| 3.1. | Countervail Corporation<br>7427 Matthews-Mint Hill Road<br>Ste 105 -210<br>Mint Hill, NC 28227-7863 | 7/17/2020 | $2,500.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
| 3.2. | Cozen O'Connor<br>Suite 300 Libertyview<br>457 Haddonfield Road<br>Cherry Hill, NJ 08002 | 7/17/2020 | $8,567.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None.

| | Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | G. William Basinger, Jr.<br>501 Woodbridge Lane<br>Indian Trail, NC 28079<br>COO | 10/4/19 - $3,750<br>1/7/20 - $1,250<br>1/7/20 - $420<br>1/24/20 - $15,000<br>1/30/20 - $70<br>3/5/20 - $140<br>6/9/20 - $420<br>9/9/20 - $370 | $21,420.00 | Management services and business expense reimbursements |
| 4.2. | Werner F. Frantsits<br>Gubelstrasse 17<br>ZUG CH-6300<br>Former Chairman of Board | 10/9/19 | $25,000.00 | Management services |

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

Debtor  Sanochemia Corporation  Case number (if known)  20-12443

### Part 3: Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☒ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

**8. Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

### Part 4: Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

### Part 5: Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Dates of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | | |

### Part 6: Certain Payments or Transfers

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| Debtor | Sanochemia Corporation | Case number (if known) | 20-12443 |
|---|---|---|---|

|  | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | Cozen O'Connor<br>Suite 300 Libertyview<br>Cherry Hill, NJ 08002 |  | 7/17/2020 as advance flat fee payment for Chapter 7 preparation and filing (includes Chapter 7 filing fee of $335) | $15,335.00 |
|  | **Email or website address**<br>www.cozen.com |  |  |  |
|  | **Who made the payment, if not debtor?** |  |  |  |

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

    ■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
    List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

    ■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:    Previous Locations**

14. **Previous addresses**
    List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

    ☐ Does not apply

|  | Address | Dates of occupancy<br>From-To |
|---|---|---|
| 14.1. | PORTAL Building, Suite 318<br>9201 University City Blvd.<br>Charlotte, NC 28223 | April 2016 - March 2018 |
| 14.2. | Grigg Hall, #140<br>9201 University City Blvd.<br>Charlotte, NC 28223 | March 2018 - February 2019 |

**Part 8:    Health Care Bankruptcies**

15. **Health Care bankruptcies**
    Is the debtor primarily engaged in offering services and facilities for:
    - diagnosing or treating injury, deformity, or disease, or
    - providing any surgical, psychiatric, drug treatment, or obstetric care?

| Debtor | Sanochemia Corporation | Case number *(if known)* | 20-12443 |
|---|---|---|---|

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

### Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

### Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|
| CubeSmart<br>9323 Wright Hill Road<br>Charlotte, NC 28262 | G. William Basinger, Jr.<br>501 Woodbridge Lane<br>Indian Trail, NC 28079 | Debtor's files | ■ No<br>☐ Yes |

### Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do

| Debtor | Sanochemia Corporation | Case number *(if known)* | 20-12443 |
|---|---|---|---|

not list leased or rented property.

☒ None

### Part 12: Details About Environment Information

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

    ☒ No.
    ☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

    ☒ No.
    ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

    ☒ No.
    ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

### Part 13: Details About the Debtor's Business or Connections to Any Business

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

    ☒ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>**Dates business existed** |
|---|---|---|

26. **Books, records, and financial statements**
    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
    ☐ None

| Name and address | | Date of service<br>From-To |
|---|---|---|
| 26a.1. | Kahan Steiger Accounting<br>1100 Summer Street P.O. Box 3227<br>Stamford, CT 06905 | October 2010 to present |

| Debtor | Sanochemia Corporation | Case number *(if known)* | 20-12443 |
|---|---|---|---|

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| **Name and address** | | **Date of service From-To** |
|---|---|---|
| 26b.1. | Kahan Steiger Accounting<br>1100 Summer Street P.O. Box 3227<br>Stamford, CT 06905 | October 2010 to present |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| **Name and address** | | **If any books of account and records are unavailable, explain why** |
|---|---|---|
| 26c.1. | Kahan Steiger Accounting<br>1100 Summer Street P.O. Box 3227<br>Stamford, CT 06905 | |
| 26c.2. | G. William Basinger, Jr.<br>501 Woodbridge Lane<br>Indian Trail, NC 28079 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| **Name and address** | |
|---|---|
| 26d.1. | Sanochemia Pharmazeutika AG<br>Boltzmanngasse 11, A-1090<br>Vienna, Austria |

27. **Inventories**
    Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No
■ Yes. Give the details about the two most recent inventories.

| | **Name of the person who supervised the taking of the inventory** | **Date of inventory** | **The dollar amount and basis (cost, market, or other basis) of each inventory** |
|---|---|---|---|
| 27.1. | | 4/17/2019 | $3,813.04 for 7 units at $544.72 cost |
| | **Name and address of the person who has possession of inventory records** | | |
| | Tom Weber<br>Unitrans International Logistics<br>351 Swift Avenue<br>South San Francisco, CA 94080 | | |

| Debtor | Sanochemia Corporation | Case number (if known) | 20-12443 |
|---|---|---|---|

| | Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|---|
| 27.2. | | 5/20/2019 | $0 |
| | **Name and address of the person who has possession of inventory records** | | |
| | Tom Weber<br>Unitrans International Logistics<br>351 Swift Avenue<br>South San Francisco, CA 94080 | | |

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| G. William Basinger, Jr. | 501 Woodbridge Lane<br>Indian Trail, NC 28079 | COO | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Sanochemia Diagnostics International | c/o Dr. Timo Bender<br>Boltzmangasse 9-11<br>A - 1090 Vienna, Austria | Sole Shareholder | 100% |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

    ☐ No
    ■ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Werner Frantsits | 11 Boltzmanngasse<br>Wien A-1090<br>Austria | Former President and Chairman of Board | August 2016 to October 2019 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
    Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

    ■ No
    ☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

    ■ No
    ☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

    ■ No
    ☐ Yes. Identify below.

| Debtor | Sanochemia Corporation | Case number *(if known)* | 20-12443 |
|---|---|---|---|

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|
| | |

| | | | |
|---|---|---|---|
| Debtor | Sanochemia Corporation | Case number *(if known)* | 20-12443 |

## Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    September 30, 2020

/s/ G. William Basinger, Jr.                                      G. William Basinger, Jr.
Signature of individual signing on behalf of the debtor    Printed name

Position or relationship to debtor    Chief Operating Officer

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**
■ No
☐ Yes